**FILED**
MAR 11 2019
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:  Deputy Clerk



# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br>Debtor(s)<br>**AIR FORCE VILLAGE WEST, INC.** | Case No: **6:19-11920-SC**<br>Chapter: 11<br>**AMENDED**<br>**ORDER (1) SETTING SCHEDULING HEARING AND CASE MANAGEMENT CONFERENCE AND (2) REQUIRING STATUS REPORT**<br><br>Date: May 14, 2019<br>Time: 1:30 p.m.<br>Location: Courtroom 126 |

**TO: DEBTOR AND ITS COUNSEL OF RECORD:**

In order to expedite the disposition of this bankruptcy case and to provide information to creditors and other parties in interest, the court makes the following ORDER:

**IT IS HEREBY ORDERED** that pursuant to 11 U.S.C. §105(d) a status conference in this case will be held on **May 14, 2019,** at **1:30 p.m.** in Courtroom 126 on the 1st Floor of 3420 Twelfth Street, Riverside, CA 92501.

**IT IS FURTHER ORDERED** that Debtor shall serve this order within 48 hours of receipt on the twenty largest unsecured creditors (or the committee of creditors, if any), all secured creditors, and the U.S. Trustee, and to file and serve a Status Report with the court, and serve the U.S. Trustee and all official committees 14 days before every status conference hearing in this case. The Status Report and all proposed disclosure statements shall be supported by evidence in the form of declarations and supporting documents. Additionally, Debtor shall file a

- 1 -

line item budget with the first status report which shall cover the first 60 days of the bankruptcy. This budget shall include all income and expenses of the Debtor.

**FAILURE OF THE DEBTOR TO APPEAR (THROUGH COUNSEL IF THE DEBTOR IS REPRESENTED), TO FILE A STATUS REPORT OR TO SERVE THIS NOTICE AS REQUIRED MAY RESULT IN THE APPOINTMENT OF A CHAPTER 11 TRUSTEE, ISSUANCE OF MONETARY SANCTIONS, DISMISSAL OF THE CASE, OR ITS CONVERSION TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE.**

<u>The status report shall include the following information or an explanation of why such information has not been included</u>:

(1) Describe the events that led up to and caused the filing of the Chapter 11 case.

(2) Describe the status of the Debtor's post-petition operations and its major assets and liabilities.

(3) Describe the status of the Debtor's pre-petition and post-petition litigation.

(4) State whether the estate has any potential avoidance actions as described in 11 U.S.C. §§544-550. If so, describe them briefly and state whether complaints have been filed. If complaints have not been filed, explain why not and estimate when the will be filed.

(5) Disclose whether counsel has been retained in this case. If so, whether the court has approved the employment. If the Debtor has not sought or obtained approval of counsel, explain why not.

(6) Disclose whether other professionals have been retained in this case. If so, whether the court has approved the employment. If the Debtor has not sought or obtained approval of professional employment, explain why not.

(7) Disclose whether the Debtor is in compliance with all of its duties under 11 U.S.C. §§521, 1106 and 1107 and all applicable guidelines of the Office of the United States Trustee. If not, please explain.

(8) Whether the case is a small business case within the meaning of 11 U.S.C. §101(51D).

(9) Whether the case is a single asset real estate case within the meaning of 11 U.S.C. §101(51B).

(10) A proposed deadline for filing and serving a disclosure statement and plan of reorganization. If a disclosure statement cannot be filed within the first 120 days of this case, explain the reasons for delay.

(11) A proposed deadline for filing proofs of claims.

(12) A proposed deadline for filing of objections to claims.

(13) A proposed deadline for filing any avoidance actions.

**CREDITOR ATTENDANCE IS WELCOME, BUT NOT REQUIRED.**

Date: March 11, 2019

SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY JUDGE