Samuel R. Maizel (SBN 189301)
samuel.maizel@dentons.com
Tania M. Moyron (SBN 235736)
tania.moyron@dentons.com
Gary W. Marsh (admitted *pro hac vice*)
gary.marsh@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5704
Telephone:    (213) 623-9300
Facsimile:    (213) 623-9924

Attorneys for the Chapter 11 Debtor
and Debtor In Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>AIR FORCE VILLAGE WEST, INC. d/b/a ALTAVITA VILLAGE,<br><br>Debtor and Debtor in Possession. | Case No. 19-11920-SC<br><br>Chapter 11 Case<br><br>Hon. Scott C. Clarkson<br><br>**STIPULATION: (1) RESOLVING OBJECTIONS OF THE UNITED STATES TO SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS; AND (2) FOR ASSUMPTION AND ASSIGNMENT OF DEBTOR'S MEDICARE PROVIDER AGREEMENT**<br><br>[Related Docket Nos. 109 & 372]<br><br>[No Hearing Required] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:**

This stipulation (the "Stipulation") is entered into by and between Air Force Village West, Inc. d/b/a Altavita Village, the debtor herein ("Debtor"), Riverside SNF, LLC, its permitted designee, successors and assigns (collectively, the "Transferee"), Senior Living Riverside, LP (the "Stalking Horse Purchaser") and the Secretary of the U.S. Department of Health and Human

1

112778208\V-1

Services on behalf of the Centers for Medicare and Medicaid Services ("CMS") (collectively, the "Parties" or, individually, a "Party"), by and through their respective counsel of record, with reference to the following facts and subject to Bankruptcy Court approval:

### RECITALS

A. This matter came before the Court on the Motion of the Debtor pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code for an order: (I) (A) approving procedures in connection with the sale of substantially all of the Debtor's assets; (B) scheduling the related auction and hearing to consider approval of sale; (C) approving procedures relating to the assumption of certain executory contracts and unexpired leases; (D) approving the form and manner of notice thereof; (E) approving the Break-Up Fee; and (F) granting related relief; and (II)(A) authorizing the sale of substantially all of the Debtor's assets free and clear of liens, claims, encumbrances, and other interests; (B) approving the assumption and assignment of certain executory contracts and unexpired leases; and (C) granting related relief [Docket No. 109] (the "Sale Motion")[1] and the objections to the Motion filed by CMS on April 4, 2019 [Docket No. 155] and, on June 3, 2019 [Docket No. 338] (collectively the "Objections"); which Objections the Debtor replied to on May 7, 2019 [Docket No. 264].

B. The Court held a hearing on the Motion and entered that certain Order (A) Authorizing the Sale of Substantially All of the Debtor's Real and Personal Property to Westmont Development, LP Free and Clear of Liens, Claims, Encumbrances and Other Interests and (B) Granting Related Relief [Docket No. 372] (the "Sale Order"). This Stipulation is filed pursuant to Paragraph 18 of the Sale Order.

C. The Debtor has a Medicare Provider Agreement identified by the following CMS Certification Number ("CCN"): 55-5404 (the "Medicare Provider Agreement"). Pursuant to the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion and the Sale Order.

112778208\V-1

Sale Motion, the Debtor seeks to sell substantially all of its assets, free and clear of liens, claims, encumbrances, and other interests, including the Medicare Provider Agreement. In the Objections, CMS objected to the characterization or sale of the Medicare Provider Agreement or its respective CCN as a license or any other form of property. In the Objections, CMS also objected to the assumption and assignment of the Medicare Provider Agreement except as specified by 42 U.S.C. § 1395-1395lll and 42 C.F.R. Part 489, respectively (the "Medicare Statute and Regulations"), and the Medicare policies and procedures thereunder.

D. The Debtor and CMS have reached an agreement to resolve the' Objections under the terms and conditions set forth in this Stipulation.

**NOW THEREFORE, IT IS HEREBY STIPULATED THAT:**

1. The Recitals set forth above are hereby incorporated into the Stipulation by this reference.

2. The Objections are resolved on the terms set forth herein.

3. The Stipulation is effective in conjunction with the Closing Date of the transaction (the "Effective Date") (as that term is defined in the Sale Order).

4. Debtor shall assume the Medicare Provider Agreement and shall assign the Medicare Provider Agreement to the Transferee, upon the Effective Date, subject to Debtor's payment to CMS of a lump sum payment of $10,000.00 (the "Cure Amount"), pursuant to 11 U.S.C. § 365.

5. CMS agrees that the foregoing payment of the Cure Amount shall constitute "cure" under Section 365 of the Bankruptcy Code of all outstanding financial defaults under the Medicare Provider Agreement and fully satisfies, discharges, and constitutes a release of any claims under the Medicare Provider Agreement, whether known or unknown, that CMS has against the Debtor or the Transferee, for monetary liability arising under the Medicare Provider Agreement before the Effective Date.

6. Upon the Effective Date, nothing in this Stipulation as so ordered by the Court shall impair CMS's right to alter or amend the method of reimbursement to Transferee in accordance

112778208\V-1

with applicable law or relieve or be construed to relieve Transferee from complying with all procedures, rules and regulations of the Medicare program, including, but not limited to, (a) the requirement that Transferee apply for and obtain CMS approval of a change of ownership by filing Form CMS 855; and (b) the requirement that CMS review and adjust as appropriate future payments to be made under the Medicare Provider Agreement for periods following the Effective Date; provided, however, CMS shall have no right to offset from payments due and owing to the Transferee for the period from and after the Effective Date for monetary liability arising under the Medicare Provider Agreement before the Effective Date, such liability having been fully satisfied with the payment of the Cure Amount.

7.     Nothing in this Agreement shall affect any obligations of CMS with respect to the processing of the assignment of the Medicare Provider Agreement. CMS shall process the assignment of the Medicare Provider Agreement in the ordinary course, effective as of the Effective Date. However, as set forth in the CMS Program Integrity Manual at Chapter 15, Section 15.7.7.1.5, Medicare payments for all goods and services rendered both prior and subsequent to the Effective Date shall continue to be made to the Debtor while the assignment of the Medicare Provider Agreement and the Transferee's Form CMS 855 is processed, and until CMS approves the Transferee's Form CMS 855 and the assignment of the Medicare Provider Agreement.

8.     By consenting to this Stipulation, the Debtor waives and releases any right to receive any Medicare underpayments and any and all appeal rights under the Medicare Statute and Regulations including, but not limited to, appeals of claim denials, appeals affecting reimbursements for cost periods and appeals of civil monetary penalties. To the extent any such appeals are pending as of the execution of this Stipulation, the Debtor shall withdraw them with prejudice as of the Effective Date. If the Debtor does not withdraw such appeals within 15 calendar days of the Effective Date, CMS may request dismissal of the appeals by the appropriate court or tribunal, along with a copy of this Stipulation, which shall be treated as conclusive evidence that the court or tribunal dismiss such appeals. The Debtor and CMS shall consider all cost reporting periods under any Medicare Provider Agreement prior to the date of assignment of such Medicare

112778208\V-1

Provider Agreement to the Transferee to be fully and finally closed and resolved. For the avoidance of doubt, this waiver shall bind the Transferee.

9. The Debtor shall submit a partial cost report for the Medicare Provider Agreement assigned to Transferee for the fiscal period that began January 1, 2019 to the Effective Date, on or before 90 days after the Effective Date. The Debtor, with the assistance of the Transferee, shall file a partial cost report to cover the period from the day after the Effective Date to December 31, 2019, within the period required by the Medicare Statute and Regulations.

10. Nothing in this Stipulation shall constitute a compromise or waiver by CMS of its ability to take any affirmative or defensive action in these bankruptcy proceedings that is not inconsistent with this Stipulation. CMS shall retain its authority under the Medicare Statute and Regulations to review, approve, deny, or pay Medicare claims made by the Debtor or the Transferee in the ordinary course of business.

11. This Stipulation is the full and complete agreement of the Parties and may not be modified or altered in any manner, except by written agreement of all of the undersigned Parties hereto. No Party shall alter, modify, or amend in any way any of the terms of this Stipulation through a plan of reorganization or otherwise.

12. The Parties to this Stipulation represent and warrant that each has the power to execute, deliver, and perform this Stipulation; that each has taken all necessary action to authorize the execution, delivery, and performance of this Stipulation; and that this Stipulation is enforceable in accordance with its terms.

13. Each Party hereto agrees that it has fully participated in the drafting of this Stipulation. The rule of law which provides that ambiguities shall be construed against the drafting party in interpreting written instruments shall not be applicable to or used in resolving any dispute over the meaning or intent of this agreement or any of its provisions.

14. This Stipulation contains all of the agreements between the Parties with respect to the subject matter hereof and is intended to be and is the final and sole agreement between the Parties with respect thereto. The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Stipulation, whether written or

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

112778208\V-1

oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Stipulation must be in writing, and must be signed and executed by the Parties.

15. The persons signing this Stipulation warrant and represent that they have reviewed and understand its contents, and that they are fully authorized to enter into the terms and conditions of this Stipulation and that they agree that the Parties on whose behalf this Stipulation is being executed by them shall be bound thereby.

16. This Stipulation may be executed in counterparts, which shall be considered as a single document. Furthermore, this Stipulation may be executed by facsimile copy, and facsimile signatures shall be treated as original signatures.

17. This Stipulation is binding upon the undersigned parties, their successors, and assigns. Only the undersigned parties and their successors and assigns may enforce this Stipulation and this Stipulation creates no rights in any third parties.

18. Should there be any inconsistency or ambiguity between the terms of this Stipulation, on the one hand, and the terms of the Purchase Agreement, MOTA, and any and all ancillary agreements related thereto, on the other hand, the terms of this Stipulation shall control.

19. Any disputes regarding rights arising under this Stipulation shall be governed by federal law.

20. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Stipulation.

21. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014, or otherwise, the terms and conditions of this Stipulation, as so ordered by the Court, shall be immediately effective and enforceable.

22. All Parties to this Stipulation shall bear their own attorney's fees, costs, and expenses.

**SO STIPULATED AND AGREED:**

112778208\V-1

| | | |
|---|---|---|
| 1 | Dated: July 15, 2019 | **Air Force Village West, Inc.** |
| 2 | | **d/b/a Altavita Village** |
| 3 | | /s/ *Samuel R. Maizel* |
| | | Samuel R. Maizel |
| 4 | | Tania M. Moyron |
| 5 | | Gary W. Marsh |
| | | Dentons US LLP |
| 6 | | *Attorneys for the Chapter 11 Debtor and Debtor In Possession* |
| 7 | Dated: July 15, 2019 | NICOLA T. HANNA |
| 8 | | United States Attorney |
| | | DAVID M. HARRIS |
| 9 | | Assistant United States Attorney |
| | | Chief, Civil Division |
| 10 | | JOANNE S. OSINOFF |
| | | Assistant United States Attorney |
| 11 | | Chief, General Civil Section |
| 12 | | /s/ *Elan S. Levey* |
| | | ELAN S. LEVEY |
| 13 | | Assistant United States Attorney |
| 14 | | Attorneys for U.S. Department of Health & Human Services on behalf of the Centers for Medicare and Medicaid Services |
| 15 | | |
| 16 | | |
| 17 | DATED: July 15, 2019 | **Riverside SNF, LLC, or its permitted designee, designees, successors and assigns** |
| 18 | | |
| 19 | | |
| 20 | | /s/ *Jennifer Sternshein* |
| | | Jennifer Sternshein |
| 21 | | Sanders Rehaste Sternshein & Harvey LLP |
| | | *Attorneys for Transferee* |
| 22 | | |
| 23 | DATED: July 15, 2019 | **Senior Living Riverside, LP** |
| 24 | | |
| 25 | | /s/ *Eric J. Fromme* |
| | | Eric J. Fromme |
| 26 | | Theodora Oringher PC |
| | | *Attorneys for Stalking Horse Purchaser* |
| 27 | | |
| 28 | | |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7

112778208\V-1

| | | |
|---|---|---|
| 1 | Dated: July 15, 2019 | **Air Force Village West, Inc.** |
| 2 | | **d/b/a Altavita Village** |
| 3 | | */s/ Samuel R. Maizel* |
| | | Samuel R. Maizel |
| 4 | | Tania M. Moyron |
| | | Gary W. Marsh |
| 5 | | Dentons US LLP |
| | | *Attorneys for the Chapter 11 Debtor and Debtor In* |
| 6 | | *Possession* |
| 7 | Dated: July 15, 2019 | NICOLA T. HANNA |
| 8 | | United States Attorney |
| | | DAVID M. HARRIS |
| 9 | | Assistant United States Attorney |
| | | Chief, Civil Division |
| 10 | | JOANNE S. OSINOFF |
| | | Assistant United States Attorney |
| 11 | | Chief, General Civil Section |
| 12 | | */s/ Elan S. Levey* |
| | | ELAN S. LEVEY |
| 13 | | Assistant United States Attorney |
| 14 | | Attorneys for U.S. Department of Health & Human |
| | | Services on behalf of the Centers for Medicare and |
| 15 | | Medicaid Services |
| 17 | DATED: July 15, 2019 | **Riverside SNF, LLC, or its permitted designee,** |
| 18 | | **designees, successors and assigns** |
| 19 | | *[signature]* |
| 20 | | Jennifer Sternshein |
| | | Sanders Rehaste Sternshein & Harvey LLP |
| 21 | | *Attorneys for Transferee* |
| 23 | DATED: July 15, 2019 | **Senior Living Riverside, LP** |
| 24 | | */s/ Eric J. Fromme* |
| 25 | | Eric J. Fromme |
| | | Theodora Oringher PC |
| 26 | | *Attorneys for Stalking Horse Purchaser* |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7

112778208\V-1

| | | |
|---|---|---|
| 1 | Dated: July 15, 2019 | **Air Force Village West, Inc. d/b/a Altavita Village** |
| 2 | | |
| 3 | | */s/ Samuel R. Maizel*<br>Samuel R. Maizel |
| 4 | | Tania M. Moyron |
| 5 | | Gary W. Marsh<br>Dentons US LLP |
| 6 | | *Attorneys for the Chapter 11 Debtor and Debtor In Possession* |
| 7 | Dated: July 15, 2019 | NICOLA T. HANNA |
| 8 | | United States Attorney<br>DAVID M. HARRIS |
| 9 | | Assistant United States Attorney<br>Chief, Civil Division |
| 10 | | JOANNE S. OSINOFF<br>Assistant United States Attorney |
| 11 | | Chief, General Civil Section |
| 12 | | */s/ Elan S. Levey*<br>ELAN S. LEVEY |
| 13 | | Assistant United States Attorney |
| 14 | | Attorneys for U.S. Department of Health & Human Services on behalf of the Centers for Medicare and |
| 15 | | Medicaid Services |
| 17 | DATED: July 15, 2019 | **Riverside SNF, LLC, or its permitted designee, designees, successors and assigns** |
| 18 | | |
| 19 | | |
| 20 | | */s/ Jennifer Sternshein*<br>Jennifer Sternshein |
| 21 | | Sanders Rehaste Sternshein & Harvey LLP<br>*Attorneys for Transferee* |
| 23 | DATED: July 15, 2019 | **Senior Living Riverside, LP** |
| 25 | | */s/ Eric J. Fromme* |
| 26 | | Eric J. Fromme<br>Theodora Oringher PC |
| 27 | | *Attorneys for Stalking Horse Purchaser* |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7

112778208\V-1