Samuel R. Maizel (SBN 189301)
samuel.maizel@dentons.com
Tania M. Moyron (SBN 235736)
tania.moyron@dentons.com
Gary W. Marsh (admitted *pro hac vice*)
gary.marsh@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for the Chapter 11 Debtor
and Debtor In Possession

**FILED & ENTERED**

**NOV 14 2019**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY** craig **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>AIR FORCE VILLAGE WEST, INC. d/b/a ALTAVITA VILLAGE,<br><br>Debtor and Debtor in Possession. | Case No. 6:19-bk-11920-SC<br><br>Chapter 11 Case<br><br>Hon. Scott C. Clarkson<br><br>ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE AND GRANTING RELATED RELIEF<br><br>Hearing:<br>Date:  November 5, 2019<br>Time:  1:30 p.m.<br>Place:  411 West Fourth Street<br>         Courtroom 5C<br>         Santa Ana, CA 92701<br><br>*Video Courtroom:*<br>Date:  November 5, 2019<br>Time:  1:30 p.m.<br>Place:  3420 Twelfth Street<br>         Video Hearing Room 126<br>         Riverside, CA 92501 |

Upon consideration of the *Motion for Entry of an Order Dismissing the Debtor's Chapter 11 Case and Granting Related Relief* (the "Motion");[1] and the Court having considered the Motion, the record of this Chapter 11 Case, and the argument of counsel made at the hearing on the Motion;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and in the Emergency Motion of Debtor to: (I) Partially Excuse Receiver from Compliance with Turnover Requirements; (II) Authorize Receiver's Continued Retention of Professionals; and (III) Obtain Related Relief to (the "Receiver Motion"), [Docket No. 11], which Receiver Motion was granted by Order entered on March 19, 2019 [Docket No. 102].

and based upon the foregoing

IT IS HEREBY FOUND AND DETERMINED THAT:

A    This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of this case is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The Debtor has demonstrated sufficient bases for the dismissal of the Chapter 11 Case pursuant to section 1112(b) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), including the fact that the Debtor has no ongoing business operations and the remaining funds of the estate are subject to the Prepetition Lender's first-priority security interests and liens.

C.    Proper and adequate notice of the Motion was provided by the Debtor in accordance with the applicable Federal Rules of Bankruptcy Procedure and Local Rules and, accordingly, no other or further notice is necessary.

D.    No objections were filed by any creditor or party-in-interest to the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    Pursuant to § 1112(b), and effective as of the date the Court enters this Order, the following Chapter 11 Case shall be dismissed:

    a.    Air Force Village West, Inc. d/b/a Altavita Village Case, No. 6:19-bk-11920-SC

3.    Upon payment of all administrative claims, subject to the terms of the DIP Financing Order as amended, the Debtor and its professionals are hereby authorized to distribute the remaining Cash Collateral to the Prepetition Lenders and the Guhl Fund, the Lewis Fund and the Retained Funds to the Foundation.

4.    None of the Debtor, the DIP Lenders, the Prepetition Lenders, the Receiver or the Committee, and none of their respective present or former directors, officers, employees, shareholders, partners, members, affiliated funds, attorneys, consultants, advisors, and agents (in

each case, acting in such capacities) shall have or incur any liability to any person for any act taken or omitted to be taken in good faith in connection with or related to the Debtor's Chapter 11 Case or the formation, preparation, dissemination, implementation, or consummation of the Motion or any contract, instrument, release, agreement, or document created or entered into, or any other act taken or omitted to be taken in good faith in connection with the Debtor's Chapter 11 Case, the Motion, or this Order, except for any claim or cause of action arising from the fraud, gross negligence, or willful misconduct of such party.

5.  Based upon cause shown by the Debtor, nothing in this Order or by virtue of the dismissal of the Chapter 11 Case shall result in the consequences set forth in section 349(b) of the Bankruptcy Code. Nothing herein shall preclude the Receiver from filing its final account and report and request for discharge and exoneration of security pursuant to California Rule of Court 3.1184 in the Receivership Case.

6.  Nothing in this Order, or by virtue of the dismissal of the Chapter 11 Case, will vacate, nullify, or otherwise modify any order, judgment, or decree entered during the Chapter 11 Case, including, without limitation, the Sale Order, the Rejection Order, the Receiver Order, the CMS Stipulation, and the DIP Financing Order, as amended.

7.  The Debtor and its professionals are hereby authorized to take any or all actions necessary or appropriate to implement or effectuate the provisions of this Order.

8.  The Debtor shall pay all outstanding United States Trustee fees within fourteen (14) business days of entry of this Order.

9.  KCC shall provide the Court or its clerk, as appropriate, with the final versions of the Debtor's claims registers reflecting all claims then asserted against the Debtor by no later than fourteen (14) business days after KCC receives notice of entry of this Order. As soon as practicable after KCC receives notice of the dismissal of the Chapter 11 Cases, KCC shall box and transport all original documents, in proper format, as provided by the Clerk of Court for the Bankruptcy Court of the Central District of California (the "Clerk"), to the Riverside Federal Records , located at 23123 Cajalco Road, Perris, CA 92570 or such other location requested by the Clerk's office. Upon KCC's completion of its duties under this paragraph, KCC shall be dismissed and discharged

as the Debtor's claims and noticing agent. Subject to the terms of the DIP Financing Order and the Amended Budget, the fees and expenses currently owed to KCC, as well as those incurred by KCC until it is dismissed, will continue to be paid in the ordinary course of business without further application to or order of this Court.

10. To the maximum extent permitted by law, this Court retains its jurisdiction to interpret, enforce, or otherwise give effect to any and all orders, judgments, or decrees entered during the Chapter 11 Case.

11. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of the Order shall be immediately effective and enforceable upon its entry

IT IS SO ORDERED.

## 

Date: November 14, 2019

Scott C. Clarkson
United States Bankruptcy Judge